UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY R. SMITH,

                    Plaintiff,

                                                            Case No. 1:16-cv-1381
v.                                                          Hon. Paul L. Maloney

GEORGE S. BUTH,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915.  This action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  For the reasons discussed below, plaintiff's "Complaint of judicial misconduct or disability" (docket no. 1) should be dismissed.

## I.        Discussion

In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, citing *Twombly*, 550 U.S. at 555.

Here, plaintiff's "[c]omplaint of judicial misconduct or disability" is directed at a state judge, the Honorable George S. Buth of Michigan's 17th Judicial Circuit Court. The complaint is subject to dismissal for three reasons. First, the Court should dismiss this complaint for lack of jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Here, however, even the most liberal reading of plaintiff's allegations cannot be construed as setting forth a federal cause of action against defendant. There are no allegations set forth in plaintiff's complaint to establish subject matter jurisdiction in this Court. Plaintiff's complaint simply lists the state court judge, plaintiff's defense counsel, and a case number. *See* Compl. at PageID.1-4. Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

2

Second, plaintiff has failed to state a claim against defendant.  This Court does not discipline state court judges for alleged judicial misconduct.  "Federal courts do not supervise or monitor the state courts or state court judges." *Morris v. Tennessee*, No. 06-2007-M1/P, 2006 WL 1579575 at *2 (W.D. Tenn. May 31, 2006).  In this regard,

> Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970).

*MacLeod v. Pavlich*, No. 2:16-CV-240, 2016 WL 6775474 at *2 (W.D. Mich. Nov. 16, 2016). Accordingly, plaintiff's complaint should be dismissed for failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii).

Third, plaintiff's complaint is barred because judges are entitled to absolute judicial immunity from suits arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  A judge will not be deprived of immunity because the action he took was in error or exceeded his authority. *Mireles,* 502 U.S. at 12-13.  Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (*quoting Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)).  As the Supreme Court explained in *Forrester v. White*, 484 U.S. 219 (1988):

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for

3

judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Forrester*, 484 U.S. at 226-27.

A judge's immunity is overcome in only two situations: (1) nonjudicial actions (i.e., actions not taken in the judge's official capacity); and (2) judicial actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 10-11. Plaintiff has not alleged either exception to judicial immunity. Indeed, plaintiff does not allege that defendant engaged in any wrongful action or misconduct. Other papers filed in this action indicate that the underlying state case involved a sex offense and that Judge Buth sentenced plaintiff to 24 months' probation, costs and fees. *See* Sent. Trans. (docket no. 5-1, PageID.117-118). As this Court previously observed, "[a]llegations arising from [a] Plaintiff's challenges to his state criminal proceedings involve the performance of judicial duties and fail to implicate either of the exceptions to judicial immunity." *Bradstreet v. Calhoun County Board of Commissioners*, No. 1:08-cv-1034, 2008 WL 5083532 at *3 (W.D. Mich. Nov. 26, 2008). Because defendant is entitled to absolute judicial immunity in this case, the complaint against him should be dismissed pursuant to § 1915(e)(2)(B)(ii).[1]

---

[1] The Court notes that among the other papers filed by plaintiff in this action was a partially-completed petition for habeas relief under 28 U.S.C. § 2254. *See* Supplement (docket no. 6). If plaintiff is seeking to challenge the validity of his state court criminal conviction or sentence, then his sole federal remedy would be filing a petition for habeas relief.

4

## II.    RECOMMENDATION

For the foregoing reasons, I respectfully recommend that plaintiff's action be

**DISMISSED**.


Dated:  January 4, 2017                              /s/ Ray Kent
                                                     RAY KENT
                                                     United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).