UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY R. SMITH, )
              Plaintiff, )
) No. 1:16-cv-1381
-v- )
) Honorable Paul L. Maloney
GEORGE S. BUTH, )
              Defendant. )
)

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

Plaintiff Stacey Smith filed his lawsuit on December 1, 2016. Smith was granted leave to proceed *in forma pauperis*. Smith is acting without the benefit of counsel. The matter was referred to the magistrate judge, who issued a report recommending that the lawsuit be dismissed. (ECF No. 13.) Smith filed objections. (ECF No. 18.) The Court has reviewed the complaint, the magistrate judge's report, the objections, and the relevant law.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The

United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Because Smith is acting *pro se*, this Court must liberally construe his pleadings and other filings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Liberally construing the complaint, Smith alleges various problems that occurred during his criminal prosecution in state court. The defendant in this case is Judge George Buth, who presided over the criminal prosecution.

1. Jurisdiction. The magistrate judge concluded the complaint does not plead a federal cause of action, which is required for this Court to exercise subject-matter jurisdiction. Federal courts have original jurisdiction over claims brought under federal law, 28 U.S.C. § 1331, and also over claims where the parties are citizens of different states, 28 U.S.C. § 1332, so long as the amount in controversy exceeds $75,000. Smith and Buth are both citizens of Michigan, so this Court cannot exercise jurisdiction over the complaint under the diversity statute. For the Court to exercise jurisdiction, Smith must state a claim against Buth under federal law.

Liberally reading Smith's objection, this Court has jurisdiction over his complaint. In his objection, Smith suggests that his Fifth Amendment right from self-incrimination and his due process rights were violated during the underlying criminal proceeding. It is not clear that Smith is alleging that Judge Buth violated Smith's rights. For the sake of argument only,

the Court will assume that Smith has alleged that Buth's conduct during the criminal action gave rise to the constitutional violations.

2. Failure to State a Claim. The magistrate judge concluded that the complaint failed to state a claim because federal courts do not supervise or monitor state courts or state judges.

Smith has not demonstrated that he has a viable cause of action for which this Court can provide relief. To the extent Smith believes the state court erred or violated his constitutional rights, his remedy is an appeal to the state court of appeals. Smith's reference to 28 U.S.C. § 1361 is not persuasive. The statute, also known as the All Writs Act, authorizes federal district courts to compel certain action by a federal officer or employee. The statute does not authorize federal district courts to order state court judges to act through a writ of mandamus. *Wallace v. Hayse*, 25 F.3d 1052 (6th Cir. 1994) (unpublished order); *accord, In re Rohland*, 538 F.App'x 139, 140-41 (3d Cir. 2013) (same); *Bailey v. Silberman*, 226 F.App'x 922, 924 (11th Cir. 2007) (same).

3. Judicial Immunity. The magistrate judge concluded that, to the extent Smith's claims against Judge Buth arise from conduct during the criminal proceedings, the claims are barred by judicial immunity.

Smith has not established that his claims fall outside the broad grant of judicial immunity. Again, to the extent he believes Judge Buth erred, Smith's remedy is an appeal, not a federal civil lawsuit.

For these reasons, the report and recommendation (ECF No. 13) is **ADOPTED IN PART.** The Court concludes that Smith has stated a claim over which this Court has subject-matter jurisdiction. Smith alleges violations of his rights protected by the constitution.

Nevertheless, this Court must dismiss the lawsuit. Smith has failed to state a claim for which this Court can grant relief. This Court does not supervise state court proceedings and this Court has no authority to order state court judges to perform their duties. To the extent Smith's claims against Judge Buth arise from the manner in which the criminal action was conducted, Buth is entitled to judicial immunity.

The Court finds that any appeal would be frivolous. Viewing each claim objectively, any appeal would not be taken in good faith. Accordingly, the Court will not issue a Good Faith Certification. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Date: January 25, 2017    /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge